# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

ANGELA SCHUNCEY RICHARDSON                                                  PLAINTIFF
ADC #712575

v.                              No: 4:22-cv-00160-LPR-PSH

JOHN HERRINGTON                                                              DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Angela Schuncey Richardson filed a *pro se* complaint on February 16, 2022, while incarcerated at the Arkansas Division of Correction's McPherson Unit (Doc. No. 2). At my direction, Richardson filed an amended complaint on March 21, 2022 (Doc. No. 4). After screening her amended complaint, I

recommended that her claims be dismissed without prejudice for failure to state a claim upon which relief may be granted (Doc. No. 5). Richardson then requested leave to file a second amended complaint (Doc. No. 8). Judge Rudofsky entered a text order allowing her to do so (Doc. No. 10). In that Order, Judge Rudofsky stated: "Ms. Richardson is warned that an amended complaint supersedes and replaces all prior complaints such that the prior complaints become nullities." Doc. No. 10. Richardson filed a second amended complaint (Doc. No. 11). Judge Rudofsky found that for screening purposes, she stated a First Amendment retaliation claim against defendant John Herrington based on an alleged retaliatory disciplinary he issued in December 2019. *See* Doc. No. 14 at 2-3.

Herrington moves to dismiss Richardson's claims against him for failure to state a claim upon which relief may be granted (Doc. Nos. 19-20). Richardson filed a response to Herrington's motion (Doc. No. 24). For the reasons described herein, the undersigned recommends that Herrington's motion be granted.

## II.  Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). If, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," a claim must be dismissed, without regard to whether it is based on an outlandish legal theory

or on a close but ultimately unavailing one. *Id.* at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *see also O'Neal v. State Farm Fire & Cas. Co.*, 630 F.3d 1075, 1077 (8th Cir. 2011).

When considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001). The court reads the complaint as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). In addition to the complaint, the court may consider matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions. *Young*, 244 F.3d at 627. The factual allegations in the complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* (quoting *Bell Atlantic*, 550 U.S. at 556). In *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Supreme Court emphasized that when ruling upon a motion to dismiss in a § 1983 action, a *pro se* complaint must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).

### III. Analysis

Herrington argues that Richardson fails to state a claim for two reasons. First, she did not describe the capacity in which she sues Herrington and is therefore presumed to sue him in his official capacity. Second, he argues she fails to state sufficient facts to support a retaliation claim. Because Richardson's failure to specifically name Herrington in his individual capacity is fatal to her claims in this case, I do not reach Herrington's second argument.

It is well-settled in the Eighth Circuit that "[i]f a plaintiff's complaint is silent about the capacity in which [he] is suing the defendant, we interpret the complaint as including only official-capacity claims." *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007) (quoting *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995)). *See also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir.

1999) ("This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."). In her response to Herrington's motion to dismiss, Richardson asks the Court to also look at her original complaint where she checked "personal capacity." *See* Doc. No. 24 at 2 (referring to Doc. No. 2 at 2). When Judge Rudofsky allowed Richardson to file a second amended complaint, he clearly warned her that it "supersedes and replaces all prior complaints such that the prior complaints become nullities." Doc. No. 10. Because Richardson did not expressly and unambiguously state that she was suing Herrington in his individual capacity in her second amended complaint, the Court construes her claims as official capacity claims only.

A suit against a defendant in his or her official capacity is in essence a suit against the State of Arkansas, and any such official capacity claim for monetary damages is barred by the doctrine of sovereign immunity. *Will v. Michigan Department of State Police, et al.*, 491 U.S. 58, 71 (1989)*; Nix v. Norman*, 879 F.2d 429, 431-432 (8th Cir. 1989). Richardson does not seek injunctive relief. Her claims against Herrington should therefore be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## IV.  Conclusion

For the reasons stated herein, it is recommended that Herrington's motion to dismiss (Doc. No. 19) be granted and Richardson's claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

IT IS SO RECOMMENDED this 1st day of April, 2024.

_____
UNITED STATES MAGISTRATE JUDGE