IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ANGELA SCHUNCEY RICHARDSON**                                                                     **PLAINTIFF**
**ADC #712575**

v.                                           No. 4:22-cv-00160-LPR

**JOHN HERRINGTON**                                                                                **DEFENDANT**

## ORDER

The Court has reviewed the Recommended Disposition (RD) submitted by United States Magistrate Judge Patricia S. Harris (Doc. 25) and the Plaintiff's Objections (Doc. 26). After a *de novo* review of the RD, along with careful consideration of the Objections and the entire case record, the Court hereby approves and adopts the RD in its entirety as this Court's findings and conclusions in all respects except as stated below.

The RD and the Defendant are technically correct that: (1) Ms. Richardson's operative Complaint does not state whether she is suing Mr. Herrington in his personal capacity, his official capacity, or both; (2) in such circumstances, the law requires that the Complaint be read to state only official capacity claims; and (3) official capacity claims are appropriately dismissed here. So, the Court agrees that the Motion to Dismiss should be granted. But that is not the end of the story. The Court notes that Ms. Richardson is proceeding *pro se.* The Court also notes that, based on the various prior twists and turns in this case, Ms. Richardson has at least a plausible excuse for assuming that her operative Complaint would be understood as bringing personal capacity claims against Mr. Harrington. Therefore, the Court gives Ms. Richardson 45 days to file a Third Amended Complaint.

This will be Ms. Richardson's last chance to amend her Complaint at this stage of the proceedings. The Clerk is directed to send Ms. Richardson a blank section 1983 complaint form.

Ms. Richardson is warned—once again—that a new Complaint will entirely supersede and replace all earlier Complaints.  Accordingly, with respect to the content of a Third Amended Complaint, Ms. Richardson is warned that she must—*at the very least*—include all the facts, allegations, and narrative that she included in her Second Amended Complaint (relative to the December 2019 retaliation claim).  And Ms. Richardson should indicate if she is suing Mr. Herrington in his personal capacity.

If Ms. Richardson does not properly file a Third Amended Complaint, a judgment of dismissal will be entered.  If Ms. Richardson does properly file a Third Amended Complaint, Mr. Herrington may in the usual course file another Motion to Dismiss, based on the arguments in his prior Motion to Dismiss or any other arguments he wishes to air.  The Magistrate Judge will have the first crack at recommending a resolution to such Motion.

As, and for the reasons, stated above, Defendant Herrington's Motion to Dismiss (Doc. 19) is GRANTED IN PART.  Plaintiff's claims are DISMISSED without prejudice for failure to state a claim upon which relief may be granted.  But leave is granted for the filing of a Third Amended Complaint.

IT IS SO ORDERED this 28th day of August 2024.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE