IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ANGELA SCHUNCEY RICHARDSON                                       PLAINTIFF
ADC #712575

v.                          No: 4:22-cv-00160-LPR-PSH

JOHN HERRINGTON                                                   DEFENDANT

### PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

#### I. Introduction

Plaintiff Angela Schuncey Richardson filed a *pro se* complaint on February 16, 2022, while incarcerated at the Arkansas Division of Correction's McPherson Unit (Doc. No. 2). She has been allowed to amend her complaint several times. *See*

Doc. Nos. 3, 10 & 27. Richardson filed her Third Amended Complaint against Deputy Warden John Herrington in his individual capacity on October 15, 2024 (Doc. No. 28).

Herrington has filed a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) and a brief in support, asserting that Richardson fails to state a claim upon which relief may be granted in her Third Amended Complaint (Doc. Nos. 38-39). Richardson filed a response to his motion (Doc. No. 42). For the reasons stated herein, the Court recommends that Herrington's motion be GRANTED IN PART and DENIED IN PART.

## II. Legal Standard

When considering a motion for judgment on the pleadings filed pursuant to Federal Rule of Civil Procedure 12(c), the Court must accept as true "all factual allegations set out in the complaint and must construe the complaint in the light most favorable to the plaintiff, drawing all inferences in his favor." *See Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006). Although a *pro se* plaintiff's allegations must be construed liberally, *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002), a plaintiff must make sufficient factual allegations to "raise a right to relief above the speculative level." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely

conceivable. *Twombly* at 570. "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law." *See id.* If matters outside the pleadings are presented and not excluded by the Court, the motion should be treated as one for summary judgment pursuant to Rule 56. *See* Federal Rule of Civil Procedure 12(d).

### III. Analysis

#### A. *Procedural Background*

After screening Richardson's Second Amended Complaint,[1] Judge Rudofsky found that she described a plausible First Amendment retaliation claim against Herrington based on an alleged retaliatory disciplinary he issued in December 2019 (the "December 2019 Retaliation Claim"). *See* Doc. No. 14 at 2-3. Judge Rudofsky stated:

> As to the December 2019 retaliation claim, the Court thinks there is just enough to get past the screening stage. Ms. Richardson alleges she filed a grievance, which counts as protected activity. Doc. 11 at 2. She alleges that, a few days later, Herrington filed a false disciplinary against her. Id. Although she was initially found guilty of the disciplinary violation, it appears that finding was later overturned. See Doc. 4 at 83. And she alleges that while she was serving her disciplinary time in Segregation, Defendant Herrington would say things like "I got you" when she expressed her innocence concerning the disciplinary action. Doc. 11 at 2. It may well turn out that this is not enough to

---

[1] Federal law requires courts to screen complaints filed by prisoners. 28 U.S.C. § 1915A. Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A.

overcome a strong adversarial motion to dismiss or motion for summary judgment. But it ekes by the screening stage.

*Id.* Service was ordered as to Herrington. *Id.* All of Richardson's other claims against Herrington, including those based on disciplinaries issued by Herrington in June 2018, February 2019, and March 2019, were dismissed without prejudice. *See* Doc. Nos. 5 & 14.

After Herrington was served with Richardson's Second Amended Complaint, he moved to dismiss her claims because she had not described the capacity in which she sued him and it was presumed that she therefore brought only official capacity claims. *See* Doc. Nos. 19-20. Judge Rudofsky subsequently dismissed Richardson's Second Amended Complaint, but afforded Richardson one final opportunity to amend her complaint regarding the December 2019 Retaliation Claim. Doc. No. 27 at 1-2. Judge Rudofsky stated:

> This will be Ms. Richardson's last chance to amend her Complaint at this stage of the proceedings. The Clerk is directed to send Ms. Richardson a blank section 1983 complaint form. Ms. Richardson is warned—once again—that a new Complaint will entirely supersede and replace all earlier Complaints. Accordingly, with respect to the content of a Third Amended Complaint, Ms. Richardson is warned that she must—at the very least—include all the facts, allegations, and narrative that she included in her Second Amended Complaint (***relative to the December 2019 retaliation claim***). And Ms. Richardson should indicate if she is suing Mr. Herrington in his personal capacity.

Doc. No. 27 at 1-2 (emphasis added).

### B. Richardson's Third Amended Complaint

Richardson filed her Third Amended Complaint on October 15, 2024 (Doc. No. 28). She again described the December 2019 Retaliation Claim. Doc. No. 28 at 9-12. She also described the claims that have already been dismissed in this case: those based on disciplinaries issued by Herrington in June 2018, February 2019, and March 2019. *Id.* at 7-8 (describing the June 2018 disciplinary claim); 13 (describing the February 2019 disciplinary claim) 8-9 (describing the March 2019 disciplinary claim). *See* Doc. No. 14 (adopting Proposed Findings and Recommendation, Doc. No. 5, as to all of Richardson's claims against Herrington except her December 2019 retaliation claim). She describes one new claim: that Herrington retaliated against her by denying her Class 1C status and visitation with her family in August of 2019. *Id.* at 9.

### C. New and Previously Dismissed Claims

Richardson was not granted permission to amend her complaint to add previously dismissed claims or to describe new claims. Rather, she was afforded one final opportunity to clarify her December 2019 Retaliation Claim and to describe the capacity in which she sued Herrington. Doc. No. 27 at 1-2 (quoted above). Richardson's Third Amended Complaint was filed on October 15, 2024, approximately two years and eight months after she initiated this case and almost one year after her other claims were dismissed. It is prejudicial to Herrington to

allow her to revive these claims at this stage of the litigation. Had Richardson filed a motion to amend her complaint pursuant to Federal Rule of Civil Procedure 15, the undersigned would have denied it.[2] Accordingly, the undersigned recommends that Herrington's motion for judgment on the pleadings be GRANTED with respect to these claims and they be DISMISSED without prejudice.

### D. December 2019 Retaliation Claim

In her Third Amended Complaint, Richardson re-states her December 2019 Retaliation Claim against Herrington and sues him in his individual capacity. Doc. No. 28 at 7, 9-12. She alleges that she filed Grievance MCP19-001358 naming Herrington on December 10, 2019, describing his conduct on December 8, 2019. *Id.* at 10. Richardson claims Herrington then issued her a false disciplinary on December 18, 2019, in retaliation for the grievance she filed. *Id.* at 10-12. She alleged he said, "I got you!" *Id.* at 10. Herrington argues that Richardson fails to describe an actionable claim regarding the December 8, 2019 interaction with him, but he does not specifically address her retaliation claim. *See* Doc. No. 39 at 6

---

[2] Pursuant to Federal Rule of Civil Procedure 15(a), once an answer has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." However, the Court may "properly deny a party's motion to amend its complaint when such amendment would unduly prejudice the non-moving party or would be futile." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (citing *Kozohorsky v. Harmon*, 332 F.3d 1141, 1144 (8th Cir. 2003)).

(arguing that the December 8, 2019 claim should be dismissed because it describes a claim about internal prison policies).

To state a viable § 1983 retaliation claim, a plaintiff must allege: (1) that he engaged in a protected activity; (2) that the government official took adverse action against him that would chill a person of ordinary firmness from continuing the activity; and (3) that the adverse action was motivated by the exercise of the protected activity. *See Gonzalez v. Bendt*, 971 F.3d 742, 745 (8th Cir. 2020); *Spencer v. Jackson Cnty.*, 738 F.3d 907, 911 (8th Cir. 2013). "The ordinary-firmness test is well established in the case law, and is designed to weed out trivial matters from those deserving the time of the courts as real and substantial violations of the First Amendment." *Garcia v. City of Trenton,* 348 F.3d 726, 728 (8th Cir. 2003). It is an objective rather than subjective test. *Id.* at 729.

Richardson alleges that she engaged in protected activity by filing a grievance against Herrington on December 10, 2019, and that Herrington learned of the grievance and issued her a false disciplinary on December 18, 2019. Doc. No. 28 at 10. She further alleges that she was reduced in class and placed on restrictions as a result, although the disciplinary was eventually overturned on appeal. *Id.* at 11-12. That is sufficient to state a retaliation claim. *See Henderson v. Baird,* 29 F.3d 464, 469 (8th Cir. 1994) ("A prisoner has a cause of action when the prisoner alleges that prison officials filed disciplinary charges based upon false allegations against the

prisoner in retaliation for the prisoner's participation in grievances against prison officials.").

Accordingly, Herrington's Motion for Judgment on the Pleadings with respect to Herrington's December 2019 Retaliation Claim should be DENIED.

## IV. Conclusion

For the reasons stated herein, Herrington's motion for judgment on the pleadings (Doc. No. 38) should be GRANTED IN PART and DENIED IN PART. Richardson's December 2019 Retaliation Claim should proceed, and her other claims should be DISMISSED without prejudice.

IT IS SO RECOMMENDED this 8th day of April, 2025.

_____
UNITED STATES MAGISTRATE JUDGE