# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**ANGELA SCHUNCEY RICHARDSON**                                              **PLAINTIFF**

**v.**                          **No: 4:22-cv-00160 LPR/PSH**

**JOHN HERRINGTON**                                                          **DEFENDANT**

## ORDER

On July 14, 2025, Defendant John Herrington filed a Motion for Summary Judgment on the merits of Plaintiff Richardson's claims, together with a Brief in Support and a Statement of Undisputed Material Facts (Doc. Nos. 57 - 59). Richardson now has an opportunity to file a response opposing the motion. To be considered, the response must be filed within twenty-eight days of this order's entry date.

At the summary judgment stage, a plaintiff cannot rest upon mere allegations and, instead, must meet proof with proof. *See* Fed. R. Civ. P. 56(e). Accordingly, Richardson's response must include legal arguments as well as evidence establishing that there is a genuine issue of material fact that must be resolved at a hearing or trial. Such evidence may include declarations or notarized affidavits that he or others have signed. Affidavits and declarations are sworn statements that are made under penalty of perjury (*see* 28 U.S.C. § 1746). Unsworn statements will not be

considered in deciding the motion for summary judgment. And to be considered, an affidavit or declaration must be based on personal knowledge of the person who signs it.

If Richardson files a response, she must also file a <u>separate</u>, short statement which lists: (a) any disagreement she has with the specifically numbered factual assertions contained in the defendant's statement of undisputed facts; and (b) any other disputed facts that she believes must be resolved at a hearing or trial. *See* Local Rule 56.1, Rules of the United States District Court for the Eastern District of Arkansas. If Richardson disputes any of the facts set forth in the defendant's statement of undisputed facts, she must identify each numbered paragraph that contains the facts she disputes and, for each paragraph, explain why she disputes those facts.

Finally, Richardson is advised that if she intends to rely upon grievances or records that have been filed with the Court previously, she must specifically refer to those documents by docket number, page, date, and heading. The Court will not sift through the file to find support for Richardson's factual contentions. *See Crossley v. Georgia-Pacific, Corp.*, 355 F.3d 1112, 1113-14 (8th Cir. 2004) (affirming the grant of summary judgment because a plaintiff failed to properly refer to specific pages of the record that supported his position).

IT IS THEREFORE ORDERED THAT:

Richardson may file a response to the defendant's motion for summary judgment along with a separate statement of disputed facts that complies with Fed. R. Civ. P. 56, Local Rule 56.1 and the instructions set forth in this Order within twenty-eight days. While Richardson is not required to file a response to the motion for summary judgment, if she does not respond, the facts set forth in the defendant's statement of facts may be deemed admitted by Richardson, pursuant to Local Rule 56.1(c).

IT IS SO ORDERED this 16th day of July, 2025.

_____
UNITED STATES MAGISTRATE JUDGE